IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00572-FDW-DSC

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF DEFAULT JUDGMENT** |
| APPROXIMATELY $22,980 IN UNITED STATES CURRENCY, | |
| Defendant. | |

THIS MATTER is before the Court on the Government's Motion for Default Judgment. (Doc. No. 8). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests the Court enter a Default Judgment of Forfeiture with respect to the Defendant Property of approximately $22,980 in United States Currency ("the Currency"). For the reasons stated herein, the Court grants the Government's Motion.

I. **BACKGROUND**

On October 16, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (Doc. No. 1) against the Currency, alleging the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846. As required by Supplemental Rule G, the Government provided direct notice and notice by publication. See (Doc. No. 6). No claims were

filed as to the Currency and the time to do so has expired. On January 14, 2021, the Clerk entered default (Doc. No. 7) pursuant to Fed. R. Civ. P. 55(a).

**II. DISCUSSION**

A court may enter a default judgment when a party has failed to plead or otherwise defend. See Fed. R. Civ. P. 55. In the civil forfeiture context, default judgment is permitted where there are no claims to the defendant property. See United States v. 47 W. Oakview Rd., No. 1:10-CV-88, 2011 WL 304972, at *1 (W.D.N.C. Jan. 28, 2011) ("The Court therefore finds that the [p]laintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate."); United States v. $42,041.00 in U.S. Currency, No. 1:12-CV-87, 2012 WL 6953388, at *1 (E.D. Tex. Oct. 30, 2012) (report and recommendation) ("To date, no claims or answers have been filed in this action, and the time limitations have expired. [T]he . . . Clerk[] entered a default [and] there is no reason to proceed any further in this matter. Therefore, the . . . motion for default judgment should be granted.")

Here, the Government filed a detailed Forfeiture Complaint setting forth the factual and legal basis as to why the Defendant Property is subject to forfeiture. After that, Supplemental Rule G(4) requires that the Government provide (1) notice by publication and (2) notice to all known potential claimants. The Government fulfilled the notice requirements, and no claims were filed. Accordingly, no valid claim to the property exists, and the Clerk entered default. (Doc. No. 7). Now, nothing more is required for this Court to enter default judgment. Therefore, pursuant to Rule 55(b)(2), the requested default judgment as to the Currency is appropriate.

**III. JUDGMENT**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Government's Motion for Default Judgment (Doc. No. 8) is hereby GRANTED and Judgment of Forfeiture is

ENTERED in favor of the United States against all persons and entities with respect to the following Defendant Property:

**Approximately $22,980.00 in United States currency seized from Jeffrey Moss on June 5, 2020, at the Charlotte-Douglas International Airport.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any right, title, and interest of all persons to the Defendant Property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States Marshal is hereby direct to dispose of the forfeited Defendant property as provided by law.

IT IS SO ORDERED.

Signed: February 3, 2021

_____
Frank D. Whitney
United States District Judge